FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

2017 JUL 25 P 4: 07

CLERK
S.D. OF GA

IN RE: FRANKLIN WILLIAMS

MISC. CASE NO.: **M C 7 7 7 - 0 0 7**

### O R D E R

This matter is before the Court because Franklin Williams ("Williams") has filed numerous frivolous motions in cases which this Court closed months and even years ago. This is by no means the first time Williams has forced this Court to expend its valuable resources addressing his meritless filings. For years, Williams has sought to clog this Court's docket with voluminous pleadings that serve no purpose other than to threaten the just and speedy determination of legitimate actions filed by deserving litigants. To prevent further abuse of the judicial process, the Court enters the following Order of Sanctions, by which the Court **ORDERS** Williams to abide. In addition, the Court **DIRECTS** the Clerk of Court to follow the instructions contained herein.

### BACKGROUND

Franklin Williams ("Williams") was convicted in the Ware County, Georgia, Superior Court in 1997, and he was released from the custody of the State of Georgia on October 23, 2009. http://www.dcor.state.ga.us/GDC/Offender/Query, search for "Franklin Williams", last accessed July 14, 2017. Williams was then convicted in this Court, after a jury trial, of two counts of distribution of cocaine on February 26, 2007. Jury Verdict, United States v. Williams, 5:06-cr-14, (S.D. Ga. Feb. 26, 2007), ECF No. 49. The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment as to each count, to be served concurrently

with each other and concurrently with a revoked state parole term Williams was serving at the time.  J., <u>United States v. Williams</u>, 5:06-cr-14, (S.D. Ga. June 20, 2007), ECF No. 62.  Judge Moore later reduced Williams' sentence to 235 months' imprisonment based on a reduction to the applicable Sentencing Guidelines' range.  Order, <u>United States v. Williams</u>, (S.D. Ga. Oct. 21, 2008), ECF No. 76.  Williams' current release date is November 19, 2024.  https://www.bop.gov/inmateloc/, search for "Franklin Lamar Williams", last accessed July 14, 2017.

Williams began his campaign of harassment and vexatious litigation in federal courts in 2001, and his efforts to barrage this Court, as well as several other courts throughout the United States, began in earnest in 2007.  Williams has filed cases in the District of Columbia, the Middle District of Florida, the Western District of Texas, and this Court, not to mention his filings before the Fifth Circuit and Eleventh Circuit Courts of Appeals.  Williams frequently filed 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), causes of action in this Court.  However, he somewhat relented in filing original civil rights cases after the Court barred him from doing so under 28 U.S.C. § 1915(g) and due to his harassment of several defendants.  <u>See</u> R & R, <u>Williams v. Eaves</u>, 5:12-cv-24 (S.D. Ga. May 29, 2012), ECF No. 8; R & R, <u>Williams v. Eaves</u>, 5:09-cv-102 (S.D. Ga. Mar. 1, 2010), ECF No. 30.  Even though Williams curtailed filing new civil rights causes of action, he incessantly files post-judgment motions in civil rights cases that have long been closed.  <u>See, e.g.</u>, Mots., <u>Williams v. Eaves</u>, 5:09-cv-102 (S.D. Ga. Sept. 8 and 23, 2016), ECF Nos. 119, 122.

Moreover, Williams continues to inundate this Court's docket with habeas corpus actions filed pursuant to 28 U.S.C. §§ 2241, 2254, and 2255.  Since 2007, Williams has filed, in this

Court alone, at least twenty-four (24) Section 2255 motions, fourteen (14) Section 2241 petitions, and twelve (12) Section 2254 motions.[1]  Despite this Court denying Williams' filings on the merits, R. & R., <u>Williams v. United States of America</u>, 5:08-cv-34 (S.D. Ga. Oct. 14, 2008), ECF No. 4, or dismissing his filings as unauthorized second or successive pleadings, R. & R., <u>Williams v. United States</u>, 5:15-cv-26 (S.D. Ga. May 16, 2016), ECF No. 2, Williams has continued his filing rampage.  In fact, Williams filed yet another Section 2255 motion, and United States Magistrate Judge R. Stan Baker recommended that motion be dismissed as an unauthorized second or successive motion.  R. & R., <u>Williams v. United States</u>, 5:16-cv-86 (S.D. Ga. Feb. 21, 2017), ECF No. 15.  Judge Moore adopted this recommendation as the opinion of the Court and directed the Clerk of Court to close that case.  Order, <u>Williams v. United States</u>, 5:16-cv-86 (S.D. Ga. June 23, 2017), ECF No. 28.  Moreover, as with his closed civil rights cases, Williams continues to file post-judgment pleadings in many of his closed habeas cases.  <u>See, e.g.</u>, Mot., <u>Williams v. Tamez</u>, 5:11-cv-83 (S.D. Ga. Sept. 14, 2016), ECF No. 65; Mot., <u>Williams v. Flournoy</u>, 2:16-cv-48 (S.D. Ga. Oct. 11, 2016), ECF No. 14.  In fact, Williams recently filed a Motion for Certificate of Appealability and a Motion for Leave to Proceed *in Forma Pauperis* in Case Number 5:16-cv-86, despite Judge Moore having already denied these forms of relief in his Order adopting the Magistrate Judge's Report and Recommendation.  Mots., <u>Williams v. United States</u>, 5:16-cv-86 (S.D. Ga. July 7, 2017), ECF Nos. 31, 32.

## DISCUSSION

"Injunctive restrictions on filings by abusive litigants are 'necessary and prudent' in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out

---

[1]  Inexplicably, as recently as 2015, Williams filed an unauthorized second or successive 2254 petition challenging his 1997 Ware County convictions, even though Williams was released from state custody in 2009. Pet., <u>Williams v. Baker</u>, 2:15-cv-118 (S.D. Ga. Aug. 18, 2015), ECF No. 1.

3

their Article III functions." Shivers v. United States, 427 F. App'x 697, 699 (11th Cir. 2011)

(quoting Procup v. Strickland, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986)). The United States

Supreme Court has held: "The goal of fairly dispensing justice . . . is compromised when the

Court is forced to devote its limited resources to the processing of repetitious and frivolous

requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of

judicial resources because they are not subject to the financial considerations—filing fees and

attorney's fees—that deter other litigants from filing frivolous petitions." In re Anderson, 511

U.S. 364, 365 (1994) (quoting In re Sindram, 498 U.S. 177, 179 (1991)).

Sanctions are particularly appropriate after a litigant has been warned about the

possibility of sanctions and has ignored that warning. See, e.g., Nelson v. Reese, 214 F. App'x

465 (5th Cir. 2007); Perkins v. United States, No. 99–41421, 2000 WL 959916, at *1 (5th Cir.

June 13, 2000); Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997); McDonald v.

Summers, No. 3:05-0243, 2011 WL 2437766 (M.D. Tenn. June 13, 2011); Shivers, 427 F. App'x

at 697 (imposing restrictions on subsequent *in forma pauperis* filings and warning that future

frivolous filings could lead to additional sanctions). Moreover, a court may resort to monetary

sanctions when litigants persist in filing frivolous submissions. United States v. Green,

No. 3:96CR74/RV, 2012 WL 6761572, at *2 (N.D. Fla. Dec. 19, 2012), *report and*

*recommendation adopted*, No. 3:96CR74/RV, 2013 WL 45293 (N.D. Fla. Jan. 3, 2013) (citing

Alexander, 121 F.3d at 316 (imposing $500 sanction after warning); Nelson, 214 F. App'x at 467

($250 sanction after warning); Smith v. Gilmore, 111 F.3d 55, 56 (7th Cir. 1997) ($50 sanction

after warning); McDonald, 2011 WL 2437766, at *4 ($1000 sanction after multiple warnings);

Miller v. Williams, No. CV411–065, 2011 WL 1898921 (S.D. Ga. May 17, 2011) ($500 sanction

recommended in light of litigant's eight-year "unceasing paper-war against this court"), *report and recommendation adopted*, 2011 WL 2181628 (S.D. Ga. June 2, 2011).

This Court has explicitly warned Williams on numerous occasions that "should he continue to file patently frivolous motions, his ability to seek redress with this Court will be sharply limited" and that "he will be deemed a serial abusive filer." See Orders, Williams v. Darden, 4:11-cv-213 (S.D. Ga. Oct. 28, 2013; June 30, 2015; Feb. 22, 2016), ECF Nos. 34, 45, 47; see also Order, Williams v. Currie, 5:07-cv-22 (S.D. Ga. Feb. 18, 2010), ECF No. 18. Moreover, the Court has informed Williams on numerous occasions that the arguments he repeats *ad nauseam* are frivolous and/or futile. Id.; see also Orders, Williams v. Eaves, 5:09-cv-102 (S.D. Ga. Mar. 1, 2012; May 13, 2010; Mar. 25, 2011; Oct. 3, 2012), ECF Nos. 30, 45, 83, 86; Orders, Williams v. Darden, 4:11-cv-213 (S.D. Ga. Apr. 5, 2012; July 12, 2012; Nov. 11, 2013; Oct. 13, 2016), ECF Nos. 23, 25, 39, 64; Order, Williams v. Fiveash, 5:07-cv-25 (S.D. Ga. Aug. 18, 2010), ECF No. 33. Despite these warnings, Williams has persisted in being a vexatious litigant who continuously files frivolous motions and other papers. See, e.g., Mots., Williams v. Eaves, 5:09-cv-102 (S.D. Ga. Sept. 28, 2012–Sept. 23, 2016), ECF Nos. 85, 87, 90, 91, 98, 99, 102, 107, 100, 116, 118, 119, 122.

In the case of a serial frivolous filer such as Williams, this Court has "considerable discretion to impose even severe restrictions" that will curtail what Williams may file and how he must behave before this Court. Shivers, 427 F. App'x at 699. While this Court has imposed some restrictions on Williams' ability to file civil rights actions, it has been hesitant to place restrictions on his ability to file habeas corpus petitions. However, the Eleventh Circuit Court of Appeals has approved the imposition of filing restrictions and other sanctions, even in the habeas corpus context. Id. at 697; see also Williams, Ronnie v. Byson, No. CV416-232, 2016 WL

6609217, at *2 (S.D. Ga. Oct. 19, 2016), *report and recommendation adopted*, No. CV416-232, 2016 WL 6609193 (S.D. Ga. Nov. 7, 2016) (imposing restrictions to curb petitioner's "vexatious habeas litigation"). Further, given that Williams has filed at least fifty (50) habeas actions in this Court, he has more than been afforded the opportunity to challenge his convictions and sentences. Indeed, the District Courts for the Middle District of Florida and Western District of Texas have imposed restrictions on Williams' ability to file habeas corpus pleadings in their courts. Order, Williams v. Warden, 5:14-cv-00684-WTH-PRL (M.D. Fla. Apr. 13, 2015), ECF No. 13; R. & R. and Order, Williams v. Pearce, 1:12-cv-00368-SS (W.D. Tex. Jan. 23, and Feb. 13, 2013), ECF Nos. 25, 28.

Moreover, ordinarily, an individual collaterally attacking the validity of a federal sentence must bring a motion under Section 2255 in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). However, as this Court has previously explained to Williams, given his prior habeas filings, to file a Section 2255 motion, he must first file an application with the appropriate court of appeals for an order authorizing this Court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010) ("Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion.). Thus, by restricting Williams' ability to file yet another habeas petition in this Court, the Court is only reinforcing a Congressional mandate and jurisdictional limitation which Williams has repeatedly ignored.[2]

---

[2]   Additionally, as explained below, the Court restricts but does not foreclose the habeas process for Williams. Instead, the presiding District Judge will review any habeas petition Williams files. Moreover, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, a Section 2255 motion cannot move

Williams' history of filings in this Court alone more than justifies the imposition of sanctions.[3]   The Court will no longer tolerate Williams' frivolous filings, because they threaten the Court's ability to adjudicate the legitimate claims of other litigants.  Accordingly, the Court imposes the following restrictions[4] on Williams.  These restrictions apply to all six (6) divisions of this Court.

## I.   Williams' New Civil Actions

**A.**   As to any future *pro se* civil actions Williams seeks to commence *in forma pauperis* ("IFP") in this District, the Clerk **SHALL** receive the *in forma pauperis* application, complaint, and any exhibits thereto, and file them in this miscellaneous case file for tracking purposes.[5]   The Clerk shall then forward the papers to the presiding District Judge in this case for a determination as to whether Williams qualifies for IFP status and whether he has stated a claim with any arguable merit.

Only when and if the presiding judge determines that a pleading alleges a plausible claim for relief will the Court allow a civil action to be opened.  Williams' IFP complaints which fail to pass muster under 28 U.S.C. § 1915(e) will be **DISMISSED**, and any motion, including any

---

forward until the Court conducts a preliminary examination of the motion and allows it to proceed.  This Order establishes an economical and efficient method for that review.

[3]   What is more, a search for "Williams, Franklin" on the Public Access to Court Electronic Records ("PACER") for the Eleventh Circuit reveals nearly 200 separate case filings. https://ecf.ca11.uscourts.gov/cmecf/servlet/TransportRoom, last accessed July 14, 2017.  As one judge astutely noted, Williams "has likely filed more lawsuits . . . than many lawyers file in their entire careers." Order, Williams v. Pearce, 1:12-cv-00368-SS (W.D. Tex. Feb. 13, 2013), ECF No. 28, p. 9 (internal citation and punctuation omitted).

[4]   This Court has already imposed many of these restrictions on Williams in the area of civil rights litigation.  Order, Williams v. Darden, Case No. 4:11-cv-213 (S.D. Ga. Oct. 21, 2016) ECF No. 66.

[5]   All future filings from Williams will be docketed under the above-captioned miscellaneous case number, unless the Court orders otherwise as to any particular pleading.

motion to proceed *in forma pauperis*, will be automatically **DENIED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the complaint, unless the Court orders otherwise.  "This automatic dismissal of non-meritorious claims 'will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention.'" Order, Williams v. Darden, 4:11-cv-213 (S.D. Ga. Oct. 21, 2016), ECF No. 66, p. 4 (quoting Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997)).[6]

Thus, although the Court will read and consider any future IFP application and complaint that Williams endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint.  If no order is forthcoming, then **THIRTY (30) DAYS** after the complaint's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Williams that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

B.      The Clerk also **SHALL NOT DOCKET** any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal.  Any papers other than a notice of appeal **SHALL** be returned to Williams unfiled.  If Williams files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals.  In a civil case dismissed by operation of this Order, any motion by Williams to proceed *in forma pauperis* on appeal shall be automatically **DENIED**.[7]  Williams **SHALL** remain responsible for appellate filing fees.

---

[6] This procedure establishes an economical and efficient method for the screening already required by 28 U.S.C. § 1915A.

[7] If a complaint is so meritless that the Court refuses to open a case after preliminary review, then Williams' appeal of the dismissal of that case would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Moreover, because Williams is a "three striker" under 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* in a civil appeal without first showing he is in imminent danger of serious physical injury.

**C.** To ensure that all future pleadings filed by Williams are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints Williams files are immediately assigned and forwarded to the presiding District Judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

## II.    Williams' New Habeas Corpus Filings

**A.** The Court imposes the following restrictions on Williams' *pro se* filing of any future Section 2255 motions, petitions pursuant to Sections 2241 and 2254, or other habeas corpus action, in which he attacks his state or federal convictions or sentences, including any pleading in which he contends he is factually or legally innocent, his rights to due process have been violated, or general allegations that his sentence is illegal. This restriction also applies to whatever label Williams wishes to attach to his filings which attempt to attack his convictions or sentences. As to any such filings, the Clerk **SHALL** receive the papers and file them in this miscellaneous case file for tracking purposes. The Clerk shall then forward the papers to the presiding District Judge in this case.

Only if the pleading alleges a plausible claim for relief or is an authorized second or successive habeas pleading will the Court allow it to be filed. Unless the Court orders otherwise, Williams' filings which fail to pass muster will automatically be **DISMISSED**, and any pending motion will be automatically **DENIED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the habeas corpus filing. Thus, although the Court will read and consider any future habeas corpus filings Williams endeavors to file, it will not necessarily enter an order addressing the IFP motion or the contents of the habeas corpus filing. If no order is forthcoming, then **THIRTY (30) DAYS** after receipt of the filing, the Clerk

**SHALL**, without awaiting any further direction, notify Williams that his case has been dismissed without prejudice pursuant to the relevant habeas corpus provision.

  **B.**  The Clerk also **SHALL NOT DOCKET** any further motions or papers in a habeas case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal **SHALL** be returned to Williams unfiled. If Williams files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed motion or petition to the Court of Appeals. In any habeas case dismissed by operation of this Order, Williams shall automatically be denied a certificate of appealabilty, and any motion for a certificate of appealability and any motion to proceed *in forma pauperis* on appeal shall be denied.[8] Williams **SHALL** remain responsible for appellate filing fees.

  **C.**  To ensure that all future pleadings filed by Williams are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints Williams files are immediately assigned and forwarded to the presiding District Judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

**III.** **Williams' Motions in Closed Cases**

  As explained above, Williams frequently files motions in closed cases, even cases that the Court dismissed years ago. Thus, the Court prohibits Williams from filing any further motions in any cause of action which this Court has closed. Should Williams attempt to file any further pleadings, other than a notice of appeal, in any closed cause of action, the Clerk **SHALL**

---

[8] If a habeas petition or motion is so meritless that the Court refuses to open a case after preliminary review, then Williams' appeal of the dismissal of that case would not be taken in good faith. See Fed. R. App. P. 24(a)(3). Additionally, such a dismissal indicates that Williams has not made a substantial showing of a denial of a constitutional right, a prerequisite for a certificate of appealability. 28 U.S.C. § 2253(c)(1).

**NOT** accept the filings and shall return the filings to Williams with notice that, pursuant to this Order, the pleading was not docketed.

Additionally, other than the pleadings discussed above, Williams may not file any motions in this miscellaneous case file.[9]  Should Williams attempt to file any pleadings, other than those discussed herein, in this case, the Clerk **SHALL NOT** accept the filings and shall return the filings to Williams with notice that, pursuant to this Order, the pleading was not docketed.

## CONCLUSION

This Court proceeds with caution when restricting a litigant's access to the judicial process.  However, the above measures are necessary to prevent Williams from impeding that very same access for other persons.  Should Williams continue to abuse the judicial process, including by attempting to file any pleading which the Court has warned him against filing, the Court may impose additional measures, including monetary sanctions.  A copy of this Order shall be forwarded to each judicial officer in this District.

**SO ORDERED**, this 25th day of July, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[9]  To be clear, the Clerk of Court will docket Williams' new civil complaints and applications to proceed *in forma pauperis* on those complaints in this case file.  The clerk will also file any new habeas petitions and Section 2254 and Section 2255 Motions in this case.  Also, should Williams submit a Notice of Appeal, it will be docketed.  However, absent further Court order, Williams shall not file any other pleadings in this miscellaneous case file.  Given Williams' history of filings, this restriction is necessary to prevent this case file from becoming a landing pad for a variety of meritless motions.